IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARCUS M. SKINNER,

Defendant.                                    No. 05-cr-30032-DRH

MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Defendant Marcus M. Skinner filed a *pro se* motion under 18 U.S.C. § 3582(c)(2) for a reduction of sentence based upon amendment to the crack cocaine guideline, U.S.S.G. § 2D1.1(c), enacted by the Sentencing Commission in response to the Fair Sentencing Act (FSA) of 2010, made retroactive effective November 1, 2011. *See* U.S.S.G. § 1B1.10(c) (Amendment 750) (Doc. 45). The Court appointed the Federal Public Defender to represent defendant on the issue of sentencing reduction in light of the retroactive amendments (Doc. 46). Defendant's counsel instantly moves to withdraw on the basis that he can make no non-frivolous argument in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 50). The U.S. Probation Office agrees that defendant is ineligible for a reduction. Defendant has responded to his counsel's motion to withdraw (Doc. 52). For the reasons stated below, the Court finds defendant ineligible for a reduction and thus dismisses his motion for lack of jurisdiction.

§ 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009), *cert. denied sub nom McKnight v. United States*, 129 S. Ct. 1924 (2009).

Defendant cannot satisfy the first criterion as he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). The Sentencing Commission issued Amendment 750 intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.

Defendant was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1 (Career Offender), not his base offense level set forth in U.S.S.G. § 2D1.1. Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. *See United States v. Williams*, 694 F.3d 917, 918 (7th Cir. 2012)("Career offenders are not eligible for 'crack disparity reductions.'"). Defendant argues he is entitled to a comparable reduction to that received via a previous Rule 35 motion. Defendant cites to *United States v. Wren,* 706 F.3d 861 (7th Cir. 2013), *United States v. Fennell,* 592 F.3d 506 (4th Cir. 2010), and *United States v. Savani,* 733 F.3d 56 (3d Cir. 2013). These cases are inapplicable to the task at hand as they do not involve defendants sentenced as Career Offenders. Defendant's applicable guideline range under § 4B1.1 remains the same. Defendant's Rule 35 reduction does not render him eligible for relief under § 3582(c)(2). Thus, for the above-stated reasons, defendant's motion is **DISMISSED** for lack of jurisdiction (Doc. 45). *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38. Thus, the Court **GRANTS** counsel's motion to withdraw (Doc. 50).

**IT IS SO ORDERED.**

Signed this 6th day of December, 2013.

Digitally signed by David R. Herndon
Date: 2013.12.06 08:32:35 -06'00'

**Chief Judge
United States District Court**